USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/25/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
TYRONE LASTER,                      :
                                    :
                 Plaintiff,         :
                                    :          07 Civ. 8265 (DAB)
       -v.-                         :               ORDER
                                    :
DETECTIVE ROBERT MANCINI, et al.,   :
                                    :
                 Defendant.         :
------------------------------------X
DEBORAH A. BATTS, United States District Judge

ADOPTION OF REPORT AND RECOMMENDATION.

       This matter is before the Court upon the Report and

Recommendation of United States Magistrate Judge Michael H.

Dolinger ("Report"), which was filed on September 28, 2012.  The

Report recommends that Defendants' Motion for Summary Judgment be

GRANTED in part and DENIED in part. (Report at 2.)  For the

reasons set forth below, the Court ADOPTS the Report in its

entirety.


I. BACKGROUND

       The background and Magistrate Judge's findings in this case

are set out in great detail in the Report.  Parties' familiarity

with the Report is assumed, and this Order recounts the facts

only to the extent necessary for the resolution of Objections

thereto.

       On August 17, 2007, pro se Plaintiff Tyrone Laster

("Plaintiff") filed the instant 42 U.S.C § 1983 action against the New York Police Department ("NYPD") and three individual officers-Detective Robert J. Mancini, Officer Douglass Vincent, and Lieutenant James Gribbon (collectively "Defendants"). Plaintiff alleges that, during the course of his September 26, 2006 arrest, Defendants violated his constitutional rights, namely those stemming from the Fourth and Eighth Amendments. Judge Dolinger, affording pro se Plaintiff's Complaint a liberal reading, construed the pleading to include state-law claims that paralleled the federal claims.  Defendants oppose the claims, arguing principally that the individual officers are entitled to qualified immunity, and that state-law claims should be dismissed for failure to comply with the notice of claim requirement as set out in Section 50-i of New York's General Municipal Law.

Plaintiff did not submit a response to Defendants' Motion for Summary Judgment. (Report at 2.)  Defendants' Motion papers, however, included Plaintiff's deposition testimony (Report at 8), and Plaintiff's version of the facts differs substantially from those set out in the Defendant' deposition testimonies. (Id. at 8, 49-52.)

While Magistrate Judge Dolinger recommended the dismissal of most of Plaintiff's claims, he concluded that two of the

2

claims—denial of medical care and excessive force—should not be dismissed on summary judgment. Nor could he conclude, due to the necessary factual findings that remain, that Defendants should prevail on the qualified immunity defense to the claims. (Report at 72-73.)

Judge Dolinger found that Plaintiff's claim against Officer Vincent for denial of medical care may not be dismissed on summary judgment because it is in dispute whether Officer Vincent was aware that Plaintiff was seriously injured and, if he was aware, whether (1) he was responsible for the denial of medical care, (2) the denial led to a serious medical condition, and (3) Officer Vincent had the requisite state of mind. (Report at 51, 54).

Judge Dolinger also recommended that the Court not dispose of Plaintiff's excessive force claim because Plaintiff's "medical records are consistent with his" deposition testimony, and there is a lack of evidence to demonstrate that the inconsistencies that may exist are anything more than minor and immaterial. (Report at 61.) He further noted that Defendants failed to address the allegation that Plaintiff was hit in the head and that his hand was twisted and broken, leaving open yet another genuine issue of fact related to the question of excessive force.

3

(Report at 72.)

To determine whether individual Defendants were covered by qualified immunity, Judge Dolinger recommended that the case proceed on the remaining claims to establish whether they acted intentionally or recklessly. (Report at 72-73.)


## II. DISCUSSION

### A. Standards of Review

#### 1. Legal Standard for Summary Judgment

A party is entitled to summary judgment when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Hermes Int'l v. Lederer de Paris Fifth Ave., Inc., 219 F.3d 104, 107 (2d Cir. 2000). The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The substantive law governing the case will determine which facts are material, and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986).  When determining whether summary judgment is appropriate, the Court must resolve all ambiguities, and draw all reasonable inferences, against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)(citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)).  If the moving party meets its burden, there is a shift to the nonmoving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  With respect to the issues on which summary judgment is sought, if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper. See Chambers v. TRM Centers Corp., 43 F.3d 29, 37 (2d Cir. 1994).  When a pro se litigant is involved, although the same standards for summary judgment apply, the pro se litigant "should be given special latitude in responding to a summary judgment motion." Gonzalez v. Long, 889 F. Supp. 639 (E.D.N.Y. 1995); see also Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988)("special solicitude should be afforded pro se litigants generally, when confronted with motions for summary judgment."); Delgado v. Koehler, 1993 U.S. Dist. LEXIS 8405 (S.D.N.Y. June 19, 1993)("it would be premature to accept all of the facts contained

5

in defendant's Rule 3(g) statement simply because of plaintiff's initial failure to file a response . . . pro se plaintiffs should be afforded 'special latitude on summary judgment motions . . . .")(internal citation omitted).

2. Standard of Review for a Report and Recommendation

"Within fourteen days after being served with a copy [of a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C).  The Court will review de novo a magistrate judge's recommendation on a dispositive motion when a litigant has made a timely objection, Fed. R. Civ. P. 72(b) advisory committee's note, as well as "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  However, "to the extent that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009)(internal citation omitted); Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008)("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt

to engage the district court in a rehashing of the same arguments set forth in the original petition."). A decision is "clearly erroneous" when, "upon review of the entire record[,]" the Court is "left with the definite and firm conviction that a mistake has been committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

Defendants's Objection states that all state-law claims must be dismissed due to Plaintiff's failure to file a notice of claim pursuant to Section 50-i of the New York General Municipal Law. (Defs.' Obj. at 2-3.) This is the same argument Defendants raised when they sought summary judgment against Plaintiff. There, the "defendants argue[d] that to the extent that any of plaintiff's allegations could be construed as state-law claims, they must be dismissed because plaintiff failed to . . . fil[e] a notice of claim." (Report at 75.)

Defendants' Objection will be reviewed under clear error, as it is "merely a perfunctory response[ ] argued in an attempt to engage the district court in a rehashing of the same argument" considered by the Magistrate Judge. Vega v. Artuz, 2002 U.S.

7

Dist. LEXIS 18270 (S.D.N.Y. Sept. 30, 2002)("Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a 'meaningless dress rehearsal.'")(internal citation omitted); <u>Singh v. N.Y. State Dep't of Taxation and Finance</u>, 865 F. Supp. 2d 344, 348 (W.D.N.Y. 2011)(concluding that despite the "full benefit of the requirements for consideration of matters raised in <u>pro se</u> submissions," the Court will not review <u>de novo</u> the same exact arguments made before a magistrate.).

   B. Defendants' Objection to the Report

      1. State-Law Claims

Defendants filed a timely Objection to Magistrate Judge Dolinger's Report. Defendants object to the recommendation that would deny Defendants' request to dismiss all state claims. In their Objection, Defendants "note that Plaintiff does not appear to allege any state-law claims in the complaint." (Defs.' Obj. at 2.) Defendants do not contend error in the Magistrate's liberal construal of the Complaint, i.e. reading the pleading to assert federal claims and parallel state claims, nor do they take issue with the principle that pleadings submitted by a <u>pro se</u> litigant must be interpreted "to raise the strongest arguments that they suggest." (Report at 74)(citing <u>Triestman v. Fed. Bur. of</u>

Prisons, 470 F.3d 471, 472 (2d Cir. 2006)(internal citation
omitted)(emphasis in original)).  Instead, Defendants contend
that all state-law claims must be dismissed due to Plaintiff's
failure to file a notice of claim pursuant to Section 50-i of the
New York General Municipal Law. (Defs.' Obj. at 2-3.)

"Under New York law, notice of claim is a statutory
precondition to filing suit against the City or its employees."
Harris v. Bowden, 2006 U.S. Dist. LEXIS 12450 (S.D.N.Y. Mar. 23,
2006); accord N.Y. Gen. Mun. Law § 50-i.  Sections 50-e and 50-i
require that in tort actions, a plaintiff suing a municipality, a
municipal entity, or a municipal employee acting in the scope of
his employment must file a notice of claim within ninety days of
the incident, and that the action be filed no later than a year
and ninety days from that date. N.Y. Gen. Mun. Law §§ 50-e, 50-i.
Failure to comply with the strict timetables warrants dismissal
of the state tort actions. N.Y. Gen. Mun. Law § 50-i.

The required filing of the Notice is not just an obstacle to
thwart persons from suing municipalities; it is in place to put
entities on notice when they must indemnify their employees.  In
New York, a municipality is obligated to indemnify its officers
in an action when they were "acting within the scope of [their]
public employment and in the discharge of [their] duties and

9

[were] not in violation of any rule or regulation of [their] agency at the time the alleged act or omission occurred." N.Y. Gen. Mun. Law § 50-k. However, "the duty to indemnify . . . shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee." Id. Therefore, Section 50-e's notice of claim requirement and 50-i's limitations period are applicable to claims brought against individual defendants only if the government is obligated to indemnify them. Bertuglia v. City of N.Y., 839 F. Supp. 2d 703, 736 (S.D.N.Y 2012)(citing Int'l Shared Servs. Inc., v. Cnty. Nassau, 634 N.Y.S.2d 722, 724); Brenner v. Heavener, 492 F. Supp. 2d 399, 405 (citing N.Y. Gen. Mun. Law § 50-k(3)("The notice prerequisite does not apply to claims asserted against municipal employees in their individual capacities that allege injuries resulting from intentional wrongdoing or recklessness-misconduct for which the City had no obligation to indemnify.").

Here, based on the Plaintiff's version of the facts and submitted medical evidence, a factfinder may reasonably conclude that Plaintiff's injuries resulted from intentional wrongdoing or recklessness. Because "[t]he obligation to indemnify turns upon the resolution of the fact-sensitive question of whether the

individual defendants[']" committed tortious acts of intentional wrongdoing or recklessness, at this time it cannot be determined whether the failure to file a notice of claim is fatal to Plaintiff's suit. Bertuglia, 839 F. Supp. 2d at 736. Assuming arguendo that the officers are not entitled to indemnification by the city, Plaintiff's omission does not bar him from proceeding against the officers in their individual capacities. N.Y. Gen. Mun. § 50-e(1)(b) ("If an action or special proceeding is commenced against [a municipal officer], but not against the public corporation, service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify . . . .")(emphasis added).

Conversely, if the factfinder determines that Plaintiff's alleged injuries did not arise from the officers' intentional wrongdoing or recklessness, the City of New York will have a statutory obligation to indemnify the officers. In such a case, Plaintiff will have been required to have submitted a notice of claim and, given that he has not done so, the state tort claims will be dismissed. Allen v. New York City Dep't of Corr., 2010 U.S. Dist. LEXIS 39109 at *53 (S.D.N.Y. Mar. 17, 2010)(citing Silberstein v. County of Westchester, 459 N.Y.S.2d 838, 839 (2d Dep't 1983)) ("The failure to comply with . . . conditions [set

11

out in N.Y. Gen. Mun. Law §§ 50e and 50k] is grounds for
dismissal of the action."); See N.Y. Gen. Mun. Law §§ 50e, 50k;
Int'l Shared Servs. Inc., v. Cnty. Nassau, 634 N.Y.S. 2d 722
(N.Y. App. Div. 2nd Dep't 1995).

   As Magistrate Judge Dolinger concluded, the record contains
factual uncertainties, which fail to establish whether the
officers are entitled to indemnification.  "Because the Court
finds that defendants have failed to establish that no genuine
issue of material fact exists as to whether the state claim
defendants are statutorily entitled to indemnification,
defendants' motion for summary judgment on the ground that
plaintiff failed to file a notice of claim must be DENIED."
D'Angelo v. City of New York, 929 F. Supp. 129, 136 (S.D.N.Y.
1996)(emphasis added).

   C. Portions of the Report to Which Neither Party Opposes
   "The district court may adopt those portions of a report and
recommendation to which no timely objections have been made,
provided no clear error is apparent from the face of the record."
DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y.
2009)(citing Lewis v. Zon, 573 F. Supp. 2d 804, 811 (S.D.N.Y.
2008)); Fed. R. Civ. P. 72 advisory committee's note (b).
Defendants do not object to Magistrate Judge Dolinger's

recommendations so this Court will review them only for clear error. (Defs.' Obj. at 2.)  Having found no clear error, the Court adopts the Report's recommendations.


III. CONCLUSION

Having conducted the appropriate level of review, the Court APPROVES, ADOPTS, AND RATIFIES the Judge Dolinger's September 28, 2012 Report in its entirety.

The Defendants' Motion for Summary Judgment is GRANTED in part and DENIED in part. Plaintiff's claims (1) against the NYPD; (2) for false-arrest and unlawful-entry; (3) for denial of medical care only as to Detective Mancini and Lieutenant Gribben; and (4) for excessive-force only as to Officer Vincent are DISMISSED.  Defendant Officers' qualified immunity defenses are DENIED.  All other claims, including parallel state tort claims, shall REMAIN.


SO ORDERED.

_Deborah A. Batts_
Deborah A. Batts
United States District Judge


Dated: September 25, 2013
       New York, New York